NELLIE WILSON, Admx.

*v.*

JAMES H. GILBERT, Sheriff.

*Filed at Ottawa March 28, 1896.*

PLEADING—*effect of stating two defenses in one special plea.* A defense based on a right to take and hold goods by levy under an execution, when set up by a special plea, is not abandoned by also setting up by the same plea the same right under an *alias* execution, where no objection is made on the ground of duplicity.

*Wilson* v. *Gilbert*, 58 Ill. App. 651, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

On and prior to December, 1890, one B. H. Kemper was the owner of a stock of saloon goods and fixtures, which he used in carrying on the saloon business in the city of Chicago. On that day judgment was entered in the circuit court of Cook county in favor of the P. Schoenhofen Brewing Company against him, and on the same day execution was issued thereon and placed in the hands of James H. Gilbert, sheriff of Cook county, who levied it upon these goods and fixtures and took possession of them. Two days later one Charles H. Notter, who had, on the day the goods were taken under the execution, purchased an interest in them from Kemper, (the bill of sale not being recorded at that time,) replevied them from the sheriff. That suit remained undisposed of until the 7th day of June, 1892, when a trial was had resulting in favor of the sheriff, and the goods were then returned to him. In the meantime (December 16, 1890,) Notter filed a bill in the circuit court of Cook county against Kemper, praying for a dissolution of the partnership between them, which had been entered into in pursuance of his purchase of an interest in the property. As prayed

in his bill, a receiver was appointed, who took possession of the property and sold it to one Mary Cooney, and she thereafter sold it to George Wilson, appellant's intestate. The property remained in the possession of Wilson until the determination of the replevin suit as above stated, when it was again returned to the sheriff. He continued in possession, and on June 17, following, an *alias* writ of *fieri facias* was by the brewing company sued out against Kemper and placed in his hands, the former writ having been returned with an endorsement thereon that the goods levied upon had been replevined by Charles H. Notter on December 4, 1890, and that no part of the writ was satisfied. Upon the second writ being issued, Wilson, assuming that by suing it out the levy under the first was abandoned, thus letting him in, as purchaser, ahead of the lien, the next day (June 18) sued out of the circuit court another writ of replevin against the sheriff and took the property. The declaration was filed June 24, 1892, the first count being in the *cepit*, the second in the *detinet* and the third in trover. Defendant filed pleas of *non cepit* and *non detinet* to the first and second counts, and not guilty to the third. A special plea was also filed, setting out the writ of *fieri facias* first issued to him, under which he levied upon the goods and chattels in controversy, and that they were taken from him under the first replevin suit and returned to him after a trial of the issues therein. Then the plea alleges: "That on, to-wit, the 17th day of June, 1892, an *alias* writ of *fieri facias* was issued out of said circuit court of said county by the said Peter Schoenhofen Brewing Company, against the said B. H. Kemper, directed to the sheriff of said county aforesaid, commanding him as in the first writ of *fieri facias*, to-wit, on the same day in the said declaration mentioned, being the same time when, etc., said *alias* writ being then in full force and unsatisfied, then took the said goods and chattels in the same declaration mentioned and detained the same in execution of the said

*alias* writ, which are the same taking and detention in said declaration above mentioned.   *   *   *   The defendant further alleges that the said goods and chattels in said declaration mentioned, at the said time when, etc., were the property of the said B. H. Kemper, and not of the plaintiff, as by the said declaration is above supposed, but was subject to execution, to-wit, in the county aforesaid; and this the defendant is ready to verify, wherefore he prays judgment." Issue was joined on this plea.   Pending the litigation George Wilson died, and his widow, as administratrix, was substituted as plaintiff.   November 13, 1894, the case was tried by the court without a jury and the issues found for the defendant sheriff, and the goods again ordered returned to him. From that judgment the plaintiff appealed to the Appellate Court for the First District, and the case is brought here upon appeal from a judgment of affirmance in that court.

E. S. CUMMINGS, for appellant:

Where a creditor causes an *alias* execution to be issued before the property taken on the original writ is disposed of, he destroys the lien acquired by the original writ, and waives it.   Herman on Executions, 275.

If a plaintiff sues out a second writ before the property taken under the first execution is disposed of, he destroys the first writ and waives the lien on the property taken under the first.   *Eckhols* v. *Graham*, 1 Call, 428; *Alley* v. *Carroll*, 3 Sneed, 110; *Scott* v. *Hill*, 2 Murphy, 143.

The levy may be abandoned either by the direct act of the plaintiff or the officer executing the writ, or indirectly by not continuing the acts necessary to keep it in force.   Freeman on Executions, sec. 271.

LACKNER & BUTZ, for appellee:

The issuance of the *alias* execution, the property at the time being in the hands of the sheriff subject to the lien acquired by the levy of the first execution, was not an

abandonment of the lien of that first execution. *Corbin*
v. *Pearce*, 81 Ill. 463; *Smith* v. *Hughes*, 24 id. 276; Freeman
on Executions, sec. 271; *West* v. *St. John*, 63 Iowa, 287; *Meng*
v. *Wiley*, 100 Pa. St. 617; *Bouton* v. *Lord*, 10 Ohio St. 468;
*Dawson* v. *Daniel*, 2 Flipp. 307.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is not disputed that the sheriff had full authority to
satisfy the judgment of the brewing company from the
proceeds of the goods taken by him under the first execu-
tion, notwithstanding the issuing of the *alias* writ, and
that it was his duty to do so. The sole contention of the
appellant is, that the above quoted averment in the plea
setting forth the issuing of the *alias* execution to defend-
ant, and his alleged action thereunder, clearly import an
abandonment of the lien created by the levy made under
the first execution. This position can hardly be insisted
upon. Two grounds of defense, each a complete bar to
the plaintiff's right of action, are set forth in the special
plea and relied upon by the defendant, namely: First,
his right to take and hold the goods under the writ first
issued to him, upon which he acted; and second, his right
to do so under the *alias* execution. The plea is subject
to the objection of duplicity, but it cannot be said that
the averment of the second ground of defense purports
to be an abandonment of the first. The sheriff at no
time surrendered up possession of the goods and then
retook them under the second execution, nor is this
averred. His right to hold the goods under either of the
executions was set up in the plea, and both grounds were
directly in issue under the pleadings. On the trial the
first ground of defense was not disputed, no evidence
being introduced by the plaintiff to contest it. That
defense was complete, and fully warranted the court in
finding for the defendant.

An objection that the special plea presented two com-
plete defenses to the cause of action set forth in the

declaration could have been raised by special demurrer, but the plaintiff saw fit to plead to it and go to trial. He thereby waived the objection.

We think the judgments of the circuit and Appellate Courts are right, and the judgment of the latter court will be affirmed.                    *Judgment affirmed.*